**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Larry Duane BAUSKA, Defendant— Appellant.**

**No. 03–30592.**

United States Court of Appeals, Ninth Circuit.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 7, 2004.*

Decided Dec. 9, 2004.

Thomas E. Moss, Esq., Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, for Plaintiff–Appellee.

Brent Featherston, Sandpoint, ID, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Larry Duane Bauska seeks reversal of his conviction on one count of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of making false statements to obtain federal employees' compensation, in violation of 18 U.S.C. § 1920.

█ Bauska challenges the mail fraud count by arguing there was insufficient evidence he utilized the mails. Barbara McDonald, an employee of the Office of Worker's Compensation Programs, testified the only way Bauska's Form CA–1082 could have reached the Kentucky processing center was by mail. Bauska's claim must be rejected because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Bauska utilized the mails. *See United States v. Bishop,* 959 F.2d 820, 829 (9th Cir.1992).

█ Bauska's challenges to the false statement counts are also unavailing. The government introduced sufficient evidence, ranging from the fliers on which Bauska advertised breeding for a fee to an under-

---

*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).*

cover agent's testimony about negotiating a breeding for cash with Bauska, to persuade a rational fact-finder. Sufficient evidence supported his involvement in the type of activity that must be reported on Form CA–1082. Likewise, sufficient evidence, including McDonald's testimony, established that Bauska's statements were material.

That the jury was not instructed on the meaning of the term "business enterprise" did not violate Bauska's right to have every element of the crime charged proved beyond a reasonable doubt. The ultimate question presented to the jury was whether Bauska made a false statement on Form CA–1082. Business enterprise is simply one term utilized on the form. When that term is read in the context of the form, it is clear that Bauska's horse breeding activities, which extended to advertising on the Internet and passing out fliers at a horse show, were of the type that should have been reported. The jury instructions were not deficient.

The district court did not abuse its discretion in excluding the testimony of Robert Boyle, Bauska's expert. *See United States v. Seschillie,* 310 F.3d 1208, 1211–12 (9th Cir.2002). Boyle proposed to explain the Internal Revenue Service ("IRS") definition of "business enterprise." In the absence of any evidence Bauska relied on this definition when filling out Form CA–1082, and given that the IRS definition is not dispositive of the meaning of Form CA–1082, the district court was within its discretion to exclude this testimony.

Nor did the district court abuse its discretion in refusing to grant a mistrial on the grounds of prosecutorial misconduct. Any missteps of the prosecution were slight, and were cured by the district court's jury instruction. *See United States v. Marsh,* 894 F.2d 1035, 1040 (9th Cir. 1989).

Finally, admission of McDonald's testimony as lay testimony was not in error. McDonald's testimony related to daily activities in the course of her employment, rather than the sort of scientific, technical or other specialized knowledge intended to be evaluated under Federal Rules of Evidence 702.

AFFIRMED.